IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-11-03 |
| RICHARD JEROME BANKS | § | |

## PLEA AGREEMENT

The United States of America, by and through Jose Angel Moreno, United States Attorney for the Southern District of Texas and Jim McAlister, Assistant United States Attorney, and the defendant, **RICHARD JEROME BANKS**, and the defendant's counsel, Matthew Horak, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count II of the indictment which states that on or about December 15, 2010, in the Southern District of Texas the defendant did conspire to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951, that is, the Defendants conspired to obtain property, such as narcotics proceeds and cocaine, with the victim's consent under color of official right in violation of Title 18, United States Code, Section 1951(a).

**Punishment Range**

2.     The **statutory** maximum penalty for each violation of Title 18, United States Code, Title 18, United States Code, Section 1951 is imprisonment of not more than 20 years and a fine of not more than $250,000.

Additionally, the defendant may receive a term of supervised release after imprisonment of up to 3 years. Title 18, U.S.C. §§ 3559(a)(3) and 3583(b)(2). The Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then the defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(3) and 3583(e)(3). The Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

**Mandatory Special Assessment**

3.     Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Fine and Reimbursement

4. Defendant understands that under U.S.S.G § 5E1.2(I), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

### Cooperation

7. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines and Policy Statement</u>. The defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States and the defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

8.  The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)  Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)  Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)  Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)  Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)  Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f)  Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal

9.     Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed, <u>except as to an upward departure.</u> or the manner in which it was determined on any grounds set forth in Title 18 U.S.C. § 3742. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, including but not limited to Title 28, U.S.C. § 2255.

In exchange for the Agreement with the United States, Defendant waives all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) Defendant's conviction is later vacated for any reason, (b) Defendant violates any provision of this Agreement, or © Defendant's plea is later withdrawn.

10.    In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States

Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

11. The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

12. The United States agrees to each of the following:

(a) If defendant pleads guilty to Count II of the indictment, the United States will dismiss Count I.

(b) At the time of sentencing, the United States agrees not to oppose a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility;

(c The United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea;

(d) The United States agrees to recommend the low end of the applicable guideline range;

(e) The United States agrees that a cooperation agreement pursuant to the terms specified above is possible.

(f) Though not binding on the court, the United States position is that the defendant should be held accountable less than two kilograms of cocaine.

## United States' Non-Waiver of Appeal

13. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

## Sentence Determination

14. Defendant is aware that the sentence may be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has justification and authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentencing imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

15.     Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

16.     Defendant is pleading guilty because he/she _is_ guilty of the charges contained in Count __II__ of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

The Houston Police Department obtained information that members of law enforcement were robbing shipments of narcotics in Houston, Texas. In order to corroborate the information a sting operation was initiated.

On December 15, 2010, Deputy Richard Bryan Nutt of the Harris County Sheriff's Office met with Nathaniel House, Richard Jerome Banks and several others. The group was informed that a vehicle containing narcotics or narcotics proceeds would be driving through Houston.

The co-defendants entered into an agreement to stop the vehicle (Chrysler Aspen SUV) with the assistance of Deputy Nutt. The SUV was purported to be driven by a drug dealer from Mexico, so Deputy Nutt would conduct a traffic stop and pretend to arrest the driver, who would then be released. The co-defendants would then take the vehicle without harming the driver. The conspirators would then split the money.

The plan did not proceed as intended. Deputy Nutt was driving a silver pickup that was equipped with red and blue emergency lights. Deputy Nutt followed the Chrysler Aspen SUV but the SUV diverted to a parking lot in Houston, Southern District of Texas where the driver of the SUV abandoned the vehicle.

A co-defendant, Nathaniel House, entered the SUV and removed a package, which contained one kilogram of cocaine and one kilogram of fake cocaine, which was transferred to Richard Jerome Banks, who was driving a blue Nissan Altima.

Deputy Nutt gave the silver pickup to a co-defendant and Deputy Nutt entered the passenger seat of the blue Nissan Altima that was driven by Richard Jerome Banks. The Nissan Altima left the parking lot and was stopped by law enforcement officers. The cocaine was

removed from under the passenger seat of Deputy Nutt, who was in full uniform.

Nathaniel House and a co-defendant moved the SUV to an address on Eubanks street, Houston, Texas, where Danny Bell and John Edward Scott stripped the SUV in an effort to locate additional money or narcotics.

### Breach of Plea Agreement

17.    If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand.  If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

18.    Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

### Complete Agreement

19.    This written plea agreement together with the attached addendum of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily

Effective Date: /2005

because he/she is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __February 14__, 2011.

_____
Defendant

Subscribed and sworn to before me on __Feb. 14__, 2011.

DAVID BRADLY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

JOSE ANGEL MORENO
United States Attorney

By: _____    _____
Assistant United States Attorney     Attorney for Defendant
Southern District of Texas

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-11-03 |
| RICHARD JEROME BANKS | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____        _February 14, 2011_
Defendant's Attorney                                Date

Effective Date: /2005

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-11-03 |
| RICHARD JEROME BANKS | § § | |

PLEA AGREEMENT - ADDENDUM

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X _/s/ Richard Banks_____       _February 14, 2011_____
Defendant                             Date